# EXHIBIT 1

1

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION


UNITED STATES OF AMERICA,    )
                             )
                             )
     -VS-                    ) DOCKET NO. 1:00-CR-00074-1
                             )
RICHARD ALLEN JACKSON,       )
                             )
     DEFENDANT.              )


TRANSCRIPT OF MOTIONS/SENTENCING PROCEEDINGS
BEFORE THE HONORABLE LACY H. THORNBURG
UNITED STATES DISTRICT COURT JUDGE
MONDAY, MAY 14, 2001


APPEARANCES:

ON BEHALF OF THE GOVERNMENT:

     JERRY W. MILLER, ESQ.
     RICHARD LEE EDWARDS, ESQ.
     ASSISTANT UNITED STATES ATTORNEY

ON BEHALF OF THE DEFENDANT:

     STEPHEN P. LINDSAY, ESQ.
     DAVID BELSER, ESQ.


ELISE SMITH EVANS, FAPR, RMR
OFFICIAL COURT REPORTER
UNITED STATES DISTRICT COURT
ASHEVILLE, NORTH CAROLINA

TRIAL INDEX

ARGUMENT - MOTION WITH RESPECT TO LANGUAGE IN JUDGMENT
   BY MR. LINDSAY                  2
   BY MR. MILLER                  4
RULING                               5

SENTENCE                         5

MOTION TO RETURN DEFENDANT TO STATE CUSTODY
   BY MR. BELSER                  10
RESPONSE
   BY MR. MILLER                  11
RULING                              11

DEFENDANT ADVISED OF APPEAL RIGHTS      13

2

(MONDAY, MAY 14, 2001; ASHEVILLE DIVISION.)

THE COURT: ALL RIGHT. WE ARE CALLING THE CASE OF UNITED STATES OF AMERICA VERSUS RICHARD ALLEN JACKSON FOR IMPOSITION OF SENTENCE. IS THERE ANYTHING FURTHER TO BE HEARD FROM THE DEFENDANT OR THE GOVERNMENT BEFORE SENTENCE IS PRONOUNCED?

MR. LINDSAY: THERE ARE TWO MATTERS THAT HAVE BEEN BROUGHT TO THE COURT'S ATTENTION. FIRST IS A MOTION THAT WAS FILED BY THE GOVERNMENT ON MAY THE 11TH ENTITLED MOTION WITH RESPECT TO LANGUAGE IN JUDGMENT. THE SECOND IS A MOTION THAT WAS FILED BY THE DEFENSE THIS MORNING ENTITLED MOTION TO RETURN THE DEFENDANT TO THE STATE CUSTODY.

THE FIRST MOTION WE COULD TAKE UP. I WAS GOING TO RESPOND TO MR. MILLER'S MOTION WITH RESPECT TO LANGUAGE IN THE JUDGMENT. MR. BELSER WAS GOING TO MAKE A PRESENTATION TO THE COURT ON OUR MOTION WITH REGARD TO RETURNING THE DEFENDANT TO STATE CUSTODY.

THE COURT: I'LL HEAR YOUR MOTION FOR RETURN TO STATE CUSTODY AFTER I HEAR ANY MOTION CONCERNING LANGUAGE.

MR. LINDSAY: YES, SIR. THAT WOULD BE THE PREFERABLE WAY. AS I INDICATED, YOUR HONOR, ON MAY 11, THE GOVERNMENT FILED A MOTION WITH THE COURT ENTITLED MOTION WITH RESPECT TO LANGUAGE IN THE JUDGMENT. THE MOTION THAT THE GOVERNMENT HAS FILED APPEARS TO BE IN RESPONSE TO A MOTION THAT WE HAD FILED EARLIER ON BEFORE THIS TRIAL WITH REGARD TO WHETHER THE SENTENCE TO BE

IMPOSED IN THIS PARTICULAR CASE IS TO RUN CONSECUTIVE TO OR CAN RUN IMMEDIATELY IN THAT THIS IS A 924(J) AND A 924(C) PROSECUTION. THE GOVERNMENT POINTS OUT THAT IN THE LANGUAGE OF 924(C)(1)(D)(2), THE FOLLOWING LANGUAGE APPEARS: NO TERM OF IMPRISONMENT IMPOSED ON A PERSON UNDER THIS SECTION SHALL RUN CONCURRENTLY WITH ANY OTHER TERM OF IMPRISONMENT IMPOSED ON THE PERSON.

THE SUPREME COURT HAS RENDERED A DECISION THAT WAS CITED FOR YOUR HONOR IN OUR BRIEF FILED ABOUT SIX WEEKS OR EIGHT WEEKS AGO INDICATING THAT THIS ALSO APPLIES TO STATE COURT SENTENCES, THAT 924(C) SENTENCES RUN CONSECUTIVE TO EVEN UNDERLYING STATE COURT SENTENCES. IT RAISES THE INTERESTING QUESTION IN THIS CASE, THIS BEING A POTENTIAL SENTENCE OF DEATH TO BE IMPOSED, WHETHER A SENTENCE OF DEATH IS DIFFERENT THAN A SENTENCE OF IMPRISONMENT.

WE CONTEND TO THE COURT THAT IT IS NOT, THAT THERE IS NO SPECIAL PROVISION IN ANY OF THE STATUTES UNDER 924(C) OR 924(J) THAT INDICATES THAT A SENTENCE OF DEATH RUNS IMMEDIATELY AS OPPOSED TO CONSECUTIVELY. IT HAS BEEN LEFT OUT ENTIRELY. 924(C) ITSELF INDICATES THAT ANY SENTENCE BY AND THROUGH 924(C) OF IMPRISONMENT, NOTWITHSTANDING ANY OTHER PROVISION OF LAW IS THE LANGUAGE THAT IS IN THERE, IS TO BE CONSECUTIVE.

I WOULD ALSO POINT OUT FOR THE COURT'S CONSIDERATION THAT, BY DEFINITION, IN ORDER TO EXECUTE A PERSON, THAT PERSON MUST BE IMPRISONED. WHETHER WE CALL IT DETENTION, WHETHER WE

4

CALL IT BEING HELD UNTIL THAT SENTENCE IS EXECUTED, IT IS STILL IMPRISONMENT PENDING THE TIME THAT HE IS EXECUTED, AND THAT, THEREFORE, WOULD INCLUDE A SENTENCE OF IMPRISONMENT UP TILL AND INCLUDING THE TIME OF EXECUTION.

BECAUSE THAT BY DEFINITION IS THERE, WE CONTEND UNDER 924(J) AND UNDER 924(C) THAT THE SENTENCE IMPOSED IN THIS CASE MUST BE CONSECUTIVE TO THE UNDERLYING STATE COURT SENTENCES, AND AS MR. BELSER WILL ARGUE IN A FEW MINUTES, YOUR HONOR, THAT THE DEFENDANT SHOULD BE RETURNED TO STATE CUSTODY TO SERVE OUT HIS SENTENCE.

THE COURT: MR. MILLER?

MR. MILLER: YOUR HONOR, AS POINTED OUT BY MY MOTION, DEFENSE ARGUMENT COMPLETELY IGNORES THE CLEAR LANGUAGE NOT ONLY OF THE STATUTE BUT OF THE GONZALEZ DECISION ITSELF. THAT PROVISION AS TO CONSECUTIVE SENTENCES APPLIES ONLY TO SENTENCES OF IMPRISONMENT, AND A SENTENCE OF DEATH IS NOT A SENTENCE OF IMPRISONMENT. MR. LINDSAY SO MUCH AS CONCEDES THAT IN TRYING TO CONVINCE THE COURT THAT THE TERMINOLOGY, THAT IS, BEING DETAINED OR WHATEVER, AWAITING IMPOSITION OF THE SENTENCE, YOUR HONOR. UNDER THE PROTOCOL, THIS SENTENCE WOULD NORMALLY BE EXECUTED WITHIN 60 DAYS. HOWEVER, ANY DELAY OF THAT WOULD BE OCCASIONED BY APPEALS FILED BY THE DEFENDANT.

SO, UNDER THE CLEAR LANGUAGE OF THE STATUTE AND AS RECOGNIZED BY THE GONZALEZ CASE, BY THE SUPREME COURT, THE CONSECUTIVE SENTENCE PROVISIONS APPLY ONLY TO SENTENCES OF

ELISE SMITH EVANS, FAPR, RMR

IMPRISONMENT, YOUR HONOR.  I WILL BE GLAD TO ANSWER ANY QUESTION THE COURT MIGHT HAVE.

THE COURT:  AND THAT MOTION WILL BE DENIED.  THE DEFENDANT IS GIVEN AN EXCEPTION TO THE COURT'S RULING.

NOW I'LL PROCEED TO THE JUDGMENT.  THE DEFENDANT, RICHARD ALLEN JACKSON, WAS REPRESENTED BY STEPHEN P. LINDSAY, ATTORNEY-AT-LAW, 366 MERRIMON AVENUE, ASHEVILLE, NORTH CAROLINA, 28801, AND DAVID BELSER, ATTORNEY-AT-LAW, P. O. BOX 1076, ASHEVILLE, NORTH CAROLINA, 28802.

THE DEFENDANT WAS FOUND GUILTY ON COUNT ONE BY A JURY AFTER A PLEA OF NOT GUILTY.  COUNT ONE IS AN OFFENSE PUNISHABLE BY DEATH.  ACCORDINGLY, THE DEFENDANT IS ADJUDGED GUILTY OF COUNT ONE INVOLVING THE FOLLOWING OFFENSE:  TITLE 18, UNITED STATES CODE, 924(J).  THE NATURE OF OFFENSE, FIRST DEGREE MURDER OF KAREN STYLES WITH FIREARM USED AND CARRIED DURING AND IN RELATION TO THE CRIME OF VIOLENCE (KIDNAPPING, AGGRAVATED SEXUAL ABUSE, AND MURDER) FOR WHICH DEFENDANT MAY BE PROSECUTED IN A COURT OF THE UNITED STATES, WITHIN SPECIAL TERRITORIAL JURISDICTION OF THE UNITED STATES.  DATE OF OFFENSE, OCTOBER 31, 1994.

AS PRONOUNCED ON MAY 14, 2001, THE DEFENDANT IS SENTENCED AS PROVIDED ON PAGE 2 OF THIS JUDGMENT AS TO COUNT ONE. THE SENTENCE AS TO COUNT ONE IS ALSO IMPOSED PURSUANT TO TITLE 18, UNITED STATES CODE, SECTIONS 3591 THROUGH 3597, PROCEDURES -- (PROCEDURES FOR A SENTENCE OF DEATH), INCLUDING PARTICULARLY SECTIONS 3594 (IMPOSITION OF THE SENTENCE OF DEATH) AND 3596

(IMPOSITION OF A SENTENCE OF DEATH).

IT IS ORDERED THAT THE DEFENDANT SHALL PAY THE UNITED STATES A SPECIAL ASSESSMENT OF $50 FOR COUNT ONE, WHICH SHALL BE DUE IN FULL IMMEDIATELY.

BASED UPON THE SPECIAL FINDINGS AND DECISION OF THE JURY ON MAY 9, 2001, PURSUANT TO THE CONVICTION OF THE DEFENDANT, RICHARD ALLEN JACKSON, UNDER COUNT ONE, THE COURT HEREBY IMPOSES UPON THE DEFENDANT A SENTENCE OF DEATH TO COUNT ONE.  THE COURT DECLINES TO IMPOSE A FINE DUE TO THE DEFENDANT'S INABILITY TO PAY.  THE JUDGMENT IS EFFECTIVE IMMEDIATELY AND IS NEITHER CONSECUTIVE TO NOR DELAYED BY THE JUDGMENT AND SENTENCE PREVIOUSLY IMPOSED BY THE STATE OF NORTH CAROLINA.

THE SENTENCE SHALL BE EXECUTED BY A UNITED STATES MARSHAL DESIGNATED BY THE DIRECTOR OF THE UNITED STATES MARSHAL'S SERVICE.

THE SENTENCE SHALL BE EXECUTED BY INTRAVENOUS INJECTION OF A LETHAL SUBSTANCE OR SUBSTANCES IN A QUANTITY SUFFICIENT TO CAUSE DEATH.

THE SENTENCE SHALL BE EXECUTED ON A DATE AND AT A PLACE DESIGNATED BY THE DIRECTOR OF THE FEDERAL BUREAU OF PRISONS, WHICH DATE SHALL BE NO SOONER THAN 60 DAYS FROM THE DATE OF ENTRY OF JUDGMENT OF DEATH.  IF THE DATE DESIGNATED FOR EXECUTION PASSES BY REASON OF A STAY OF EXECUTION, THEN A NEW DATE SHALL BE DESIGNATED PROMPTLY BY THE DIRECTOR OF THE FEDERAL BUREAU OF PRISONS WHEN THE STAY IS LIFTED, AT A FEDERAL PENAL OR

CORRECTIONAL INSTITUTION DESIGNATED BY THE DIRECTOR OF THE FEDERAL BUREAU OF PRISONS, BY A UNITED STATES MARSHAL DESIGNATED BY THE DIRECTOR OF THE UNITED STATES MARSHAL'S SERVICE, ASSISTED BY ADDITIONAL PERSONNEL SELECTED BY THE MARSHAL AND THE WARDEN OF THE DESIGNATED INSTITUTION AND ACTING AT THE DIRECTION OF THE MARSHAL, AND BY INTRAVENOUS INJECTION OF A LETHAL SUBSTANCE OR SUBSTANCES IN A QUANTITY SUFFICIENT TO CAUSE DEATH, AND SUCH SUBSTANCE OR SUBSTANCES TO BE DETERMINED BY THE DIRECTOR OF THE FEDERAL BUREAU OF PRISONS AND TO BE ADMINISTERED BY A QUALIFIED PERSONNEL SELECTED BY THE WARDEN AND ACTING AT THE DIRECTION OF THE MARSHAL. UNLESS THE PRESIDENT INTERPOSES, THE UNITED STATES MARSHAL SHALL NOT STAY EXECUTION OF THE SENTENCE ON THE BASIS THAT THE PRISONER HAS FILED A PETITION FOR EXECUTIVE CLEMENCY.

EXCEPT TO THE EXTENT A COURT ORDERS OTHERWISE: THE WARDEN OF THE DESIGNATED INSTITUTION SHALL NOTIFY THE PRISONER UNDER SENTENCE OF DEATH OF THE DATE DESIGNATED FOR EXECUTION AT LEAST 20 DAYS IN ADVANCE, EXCEPT WHEN THE DATE FOLLOWS A POSTPONEMENT OF FEWER THAN 20 DAYS OF A PREVIOUSLY SCHEDULED AND NOTICED DATE OF EXECUTION, IN WHICH CASE THE WARDEN SHALL NOTIFY THE PRISONER AS SOON AS POSSIBLE.

BEGINNING 7 DAYS BEFORE THE DESIGNATED DATE OF EXECUTION, THE PRISONER SHALL HAVE ACCESS ONLY TO HIS SPIRITUAL ADVISERS (NOT TO EXCEED TWO), HIS DEFENSE ATTORNEYS, MEMBERS OF HIS FAMILY, AND THE OFFICERS AND EMPLOYEES OF THE INSTITUTION. UPON APPROVAL OF THE DIRECTOR OF THE FEDERAL BUREAU OF PRISONS,

ELISE SMITH EVANS, FAPR, RMR

THE WARDEN MAY GRANT ACCESS TO SUCH OTHER PROPER PERSONS AS THE PRISONER MAY REQUEST.

IN ADDITION TO THE MARSHAL AND THE WARDEN, THE FOLLOWING PERSONS SHALL BE PRESENT AT THE EXECUTION:  FIRST, NECESSARY PERSONNEL SELECTED BY THE MARSHAL AND WARDEN; SECOND, THOSE ATTORNEYS OF THE DEPARTMENT OF JUSTICE WHOM THE DEPUTY ATTORNEY GENERAL DETERMINES ARE NECESSARY; THIRD, NO MORE THAN THE FOLLOWING NUMBERS OF PERSONS SELECTED BY THE PRISONER, ONE SPIRITUAL ADVISER, TWO DEFENSE ATTORNEYS, THREE ADULT FRIENDS OR RELATIVES; AND, FOUR, NOT MORE THAN THE FOLLOWING NUMBERS OF PERSONS SELECTED BY THE WARDEN, 8 CITIZENS, AND 10 REPRESENTATIVES OF THE PRESS.

NO OTHER PERSON SHALL BE PRESENT AT THE EXECUTION, UNLESS LEAVE FOR SUCH PERSON'S PRESENCE IS GRANTED BY THE DIRECTOR OF THE FEDERAL BUREAU OF PRISONS.  NO PERSON YOUNGER THAN 18 YEARS OF AGE SHALL WITNESS THE EXECUTION.

THE WARDEN SHALL NOTIFY THOSE INDIVIDUALS DESCRIBED IN PARAGRAPH (C) OF THIS SECTION AS SOON AS PRACTICABLE FOR THE DESIGNATED TIME OF THE EXECUTION.

NO PHOTOGRAPHIC OR OTHER VISUAL OR AUDIO RECORDING OF THE EXECUTION SHALL BE PERMITTED.

AFTER THE EXECUTION HAS BEEN CARRIED OUT, QUALIFIED PERSONNEL SELECTED BY THE WARDEN SHALL CONDUCT AN EXAMINATION OF THE BODY OF THE PRISONER TO DETERMINE THAT DEATH HAS OCCURRED AND SHALL INFORM THE MARSHAL AND WARDEN OF THE DETERMINATION.  UPON

NOTIFICATION OF THE PRISONER'S DEATH, THE MARSHAL SHALL COMPLETE AND SIGN THE RETURN HEREUNDER OR ANY SIMILAR DOCUMENT AND SHALL FILE SUCH DOCUMENT WITH THE SENTENCING COURT.

THE REMAINS OF THE PRISONER SHALL BE DISPOSED OF ACCORDING TO PROCEDURES ESTABLISHED BY THE DIRECTOR OF THE FEDERAL BUREAU OF PRISONS.

NO OFFICER OR EMPLOYEE OF THE DEPARTMENT OF JUSTICE SHALL BE REQUIRED TO BE IN ATTENDANCE AT OR TO PARTICIPATE IN ANY EXECUTION IF SUCH ATTENDANCE OR PARTICIPATION IS CONTRARY TO THE MORAL OR RELIGIOUS CONVICTIONS OF THE OFFICER OR EMPLOYEE, OR IF THE EMPLOYEE IS A MEDICAL PROFESSIONAL WHO CONSIDERS SUCH PARTICIPATION OR ATTENDANCE CONTRARY TO MEDICAL ETHICS. FOR PURPOSES OF THIS SECTION, THE TERM PARTICIPATION INCLUDES PERSONAL PREPARATION OF THE CONDEMNED INDIVIDUAL AND THE APPARATUS USED FOR EXECUTION AND SUPERVISION OF THE ACTIVITIES OF OTHER PERSONNEL IN CARRYING OUT SUCH ACTIVITIES.

THE DEFENDANT, RICHARD ALLEN JACKSON, IS HEREBY COMMITTED TO THE CUSTODY OF THE ATTORNEY GENERAL OR HIS AUTHORIZED REPRESENTATIVE FOR APPROPRIATE DETENTION PENDING EXHAUSTION OF THE PROCEDURES FOR APPEAL OF THE JUDGMENT OF CONVICTION AND FOR REVIEW OF THE SENTENCE AND PENDING EXECUTION OF THIS SENTENCE.

THIS WILL BE SIGNED THIS THE 14TH DAY OF MAY, 2001, BY ME AS THE PRESIDING JUDGE.

(A PAUSE IN THE PROCEEDING WAS HAD.)

ELISE SMITH EVANS, FAPR, RMR

THE COURT: THE RETURN IS PROVIDED. AND I WILL HEAR YOU CONCERNING YOUR MOTION, MR. BELSER.

MR. BELSER: YOUR HONOR PLEASE, AT THIS TIME WE'D MOVE TO RETURN RICHARD JACKSON TO STATE CUSTODY. THE LANGUAGE IN THE MOTION IS SELF EXPLANATORY. HE ARRIVED HERE AS A RESULT OF A WRIT, A PETITION FOR A WRIT REQUESTED BY MR. MILLER ASKING THAT THE BODY OF RICHARD JACKSON BE BROUGHT BEFORE THIS COURT FOR PROSECUTION AND THEREAFTER TO BE RETURNED TO PASQUATANK CORRECTIONAL INSTITUTION. ON OCTOBER 4TH OF 2000, JUDGE COGBURN SIGNED THE REQUESTED WRIT WITH THE EXPRESS TERMS THAT IT IS FURTHER ORDERED THAT IMMEDIATELY AFTER THIS CASE SHALL HAVE BEEN DISPOSED OF, HE BE RETURNED TO PASQUATANK CORRECTIONAL INSTITUTION.

WE HAVE ALSO CITED CASES FROM THE UNITED STATES SUPREME COURT AND THE FOURTH CIRCUIT INDICATING THAT THE STATE OF NORTH CAROLINA RETAINS PRIMARY JURISDICTION OVER RICHARD JACKSON, THAT FEDERAL CUSTODY WILL ONLY COMMENCE WHEN AND IF THE STATE AUTHORITIES RELINQUISH RICHARD JACKSON UPON THE SATISFACTION OF THE STATE SENTENCE. HE ESSENTIALLY IS ON LOAN FROM THE STATE OF NORTH CAROLINA TO THE FEDERAL AUTHORITIES, AND THE STATE OF NORTH CAROLINA HAS A SIGNIFICANT INTEREST IN RETAINING CUSTODIAL AUTHORITY OVER HIM AND REQUIRING HIM TO SERVE THE SENTENCE THAT HE OWES TO THE STATE OF NORTH CAROLINA.

FOR THAT REASON -- WE'D ALSO POINT OUT IN ARTICLE 5, SECTION (E) OF THE INTERSTATE AGREEMENT ON DETENTIONS, WHICH

11

EXPRESSLY COVERS THE ARRANGEMENT BETWEEN THE FEDERAL GOVERNMENT AND THE STATE OF NORTH CAROLINA, IT SAYS:  AT THE EARLIEST PRACTICAL TIME CONSUMMATE WITH THE PURPOSES OF THIS AGREEMENT, THE PETITIONER SHALL BE RETURNED TO THE SENDING STATE.

WE SAY THAT THE PLAIN LANGUAGE OF THE PETITION FOR THE WRIT, PLAIN LANGUAGE OF THE WRIT ITSELF, THE PLAIN LANGUAGE OF THE INTERSTATE AGREEMENT ON DETAINERS ALL REQUIRE THAT HE BE RETURNED IMMEDIATELY TO PASQUATANK CORRECTIONAL INSTITUTION TO COMPLETE HIS STATE SENTENCE.

THE COURT:  MR. MILLER?

MR. MILLER:  YOUR HONOR, THE UNIFORMED ACT ON DETAINERS DOES NOT APPLY, AND MR. JACKSON WAS NOT BROUGHT IN HERE ON A DETAINER.  HE WAS BROUGHT IN HERE ON A WRIT.

I SUBMIT TO THE COURT THAT THE LAST PARAGRAPH OF THE ORDER THAT YOU HAVE JUST ENTERED SUPERSEDES AND COUNTERMANDS THE LANGUAGE JUDGE COGBURN USED IN HIS OCTOBER 4TH WRIT OF HABEAS CORPUS AD PROSEQUENDUM, AND I'D ASK THE COURT JUST SIMPLY TO ACKNOWLEDGE THAT BY STATING THAT THIS COURT'S ORDER, SPECIFICALLY THE LAST PARAGRAPH OF IT, OVERRIDES AND SUPPLANTS JUDGE COGBURN'S WRIT OF HABEAS CORPUS DATED OCTOBER 4TH OF 2000.  I'LL BE GLAD TO ANSWER ANY QUESTIONS THE COURT MIGHT HAVE.

(A PAUSE IN THE PROCEEDING WAS HAD.)

THE COURT:  ALL RIGHT.  SHOW THE MOTION DENIED, EXCEPTION FOR THE DEFENDANT.  SHOULD THE STATE OF NORTH CAROLINA INDICATE AN INTEREST, I WILL HEAR THAT AT SUCH TIME AS THE STATE

12

CALLS IT TO MY ATTENTION.

IS THERE ANYTHING FURTHER, GENTLEMEN?

MR. BELSER:  YES, SIR.  JUST FOR THE APPELLATE RECORD, WE'D LIKE TO MARK AND INTRODUCE A COPY OF THE EDITED PORTION OF THE FOX TV TRANSCRIPT MR. MILLER HAD PROVIDED TO ME.  IT HAS THE BRACKETED BLACK PORTIONS ARE THE PORTIONS WHICH THE GOVERNMENT EDITED AND DID NOT PLAY TO THE JURY IN REBUTTAL.  AND TO AID ANY APPELLATE COURT IN RULING ON OUR OBJECTIONS TO THAT REBUTTAL TESTIMONY, WE'D MARK THIS AS DEFENDANT'S EXHIBIT NO. 1, PARENTHESES SENTENCING, REBUTTAL OBJECTION.

THE COURT:  ALL RIGHT, SIR.  LET THAT BE ENTERED INTO THE RECORD.

MR. LINDSAY:  I DID NOT INDICATE ON THE RECORD, WHEN YOUR HONOR ENTERED JUDGMENT, JUST NOTING FOR THE RECORD OUR OBJECTION AND EXCEPTION TO THE JUDGMENT IN THIS CASE.  I DO ANTICIPATE THAT THE DEFENDANT WILL BE FILING A NOTICE OF APPEAL. WE WILL PRESENT THAT TO THE COURT IN WRITING WITHIN THE APPROPRIATE TIME LIMITATIONS.

THE COURT:  ALL RIGHT.  FINE.

MR. MILLER:  YOUR HONOR, AGAIN, AT THE POSSIBILITY OF BELABORING THE POINT, BECAUSE OF APPELLATE HISTORY OF SUCH ISSUES, I WOULD ASK THE COURT IRRESPECTIVE OF MR. LINDSAY'S ANNOUNCEMENT TO ADVISE MR. JACKSON OF HIS RIGHT TO APPEAL SO THAT WILL BE ON THE RECORD.

(A PAUSE IN THE PROCEEDING WAS HAD.)

13

THE COURT:  MR. JACKSON, YOU HAVE A RIGHT TO APPEAL THIS SENTENCE TO THE FOURTH CIRCUIT COURT OF APPEALS.  IF YOU CHOOSE TO DO SO, YOU MUST FILE A WRITTEN NOTICE OF APPEAL WITH THE CLERK OF THIS COURT WITHIN THE PERIOD OF 10 DAYS FROM THE DATE OF FINAL ENTRY, WHICH IS THIS DATE, BE THE DATE OF FINAL ENTRY OF JUDGMENT IN YOUR CASE.  IF YOU CHOOSE TO APPEAL, BUT DO NOT HAVE THE FUNDS WITH WHICH TO APPEAL, YOU MAY FILE AN AFFIDAVIT OF INDIGENCY OR THE COURT WILL REVIEW THE ONE ALREADY FILED BY YOU, AND IF FOUND BY THE COURT TO BE SUFFICIENT, YOU MAY FILE AN APPEAL AND PURSUE APPEAL AT GOVERNMENT EXPENSE.

DO YOU UNDERSTAND THAT RIGHT AS THE COURT'S EXPLAINED IT TO YOU?

(A PAUSE IN THE PROCEEDING WAS HAD.)

MR. LINDSAY:  THE ONLY QUESTION HE HAD IS WHETHER THE 10 DAYS RUNS FROM TODAY OR RUNS FROM THE DATE THAT THE JURY RETURNED ITS VERDICT.

THE COURT:  THE DATE OF FINAL ENTRY, JUDGMENT, IS TODAY.

MR. LINDSAY:  SO BE 10 DAYS FROM TODAY?

THE COURT:  THAT IS THE DATE.  THAT -- IF THERE'S NOTHING FURTHER, THE DEFENDANT IS RETURNED TO CUSTODY.

(END OF PROCEEDINGS.)

*****

ELISE SMITH EVANS, FAPR, RMR

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NORTH CAROLINA

CERTIFICATE OF REPORTER

          I CERTIFY THAT THE FOREGOING TRANSCRIPT IS A TRUE AND
CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE
ABOVE-ENTITLED MATTER.

          THIS THE 1ST DAY OF AUGUST, 2001.

                                        _____
                                        ELISE SMITH EVANS, FAPR, RMR
                                        OFFICIAL COURT REPORTER

ELISE SMITH EVANS, FAPR, RMR