# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### Case No. _____

_____

### In re RICHARD JACKSON,

### Movant.

_____

## APPLICATION TO FILE SECOND OR SUCCESSIVE
## MOTION PURSUANT TO 28 U.S.C. § 2255(h)

_____

## CAPITAL § 2255 PROCEEDINGS

John A. Fagg, Jr.
Frank E. Schall
Moore & Van Allen PLLC
100 N. Tryon Street, Suite 4700
Charlotte, NC  28202
(704) 331-1000

Shawn Nolan
Assistant Federal Defender
Federal Community Defender Office
 for Eastern District of  Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520

May 24, 2016

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................i

TABLE OF AUTHORITIES ........................................................................................ ii

INTRODUCTION ........................................................................................................1

PROCEDURAL HISTORY ..........................................................................................3

ARGUMENT ...............................................................................................................4

    I.     PURSUANT TO *JOHNSON*, § 924(c)(3)(B)'S RESIDUAL
              CLAUSE IS UNCONSTITUTIONALLY VAGUE ..................................5

    II.    MURDER UNDER § 1111, KIDNAPPING UNDER § 1201, AND
              AGGRAVATED SEXUAL ASSAULT UNDER § 2241(a) DO
              NOT QUALIFY AS CRIMES OF VIOLENCE UNDER THE
              FORCE CLAUSE OF § 924(c)(3)(A) ..........................................................9

    III.   MR. JACKSON HAS MADE A SUFFICIENT SHOWING OF
              POSSIBLE MERIT ENTITLING HIM TO FILE A SUCCESSIVE
              OR SUCCESSIVE MOTION IN DISTRICT COURT ..........................18

CONCLUSION .........................................................................................................19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Begay v. United States*, 553 U.S. 137 (2008) ......................................................6, 8

*Chambers v. United States*, 555 U.S. 122 (2009)......................................................8

*Chatwin v. United States*, 326 U.S. 455 (1946)......................................................14

*Descamps v. United States*, 133 S. Ct. 2276 (2013) ..............................................10

*Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015)....................................................9

*Freeman v. United States*, No. 15-3687 (2d Cir. Jan. 26, 2016) ....................................................................................................................9

*Garcia v. Gonzales*, 455 F.3d 465 (4th Cir. 2006) ............................................11, 12

*Jackson v. United States*, 133 S. Ct. 100 (2012)....................................................4

*Jackson v. United States*, 540 U.S. 1019 (2003)....................................................4

*Jackson v. United States*, No. 09–0010 (4th Cir. Feb. 11, 2011) ....................................................................................................................4

*Jackson v. United States*, No. 1:04-cv-251, 2010 WL 2775402 (W.D.N.C. Jul. 13, 2010)....................................................................4

*Jackson v. United States*, No. 1:04-cv-251, 638 F. Supp. 2d 514 (W.D.N.C. Jun. 19, 2009)........................................................................4

*Johnson (Curtis) v. United States*, 559 U.S. 133 (2010) ............................12, 13, 16

*Johnson v. United States*, 135 S. Ct. 2551 (2015) ...........................................*passim*

*Leocal v. Ashcroft*, 543 U.S. 1 (2004) ......................................................................11

*Ruiz v. United States*, No. 16-1193 (7th Cir. Feb. 19, 2016) ....................................................................................................................9

*United States v. Aragon*, 983 F.2d 1306 (4th Cir. 1993)........................................8

*United States v. Ayala*, 601 F.3d 256 (4th Cir. 2010)..................................................8

*United States v. Bell*, No. 15-CR-00258, 2016 WL 344749 (N.D. Cal. Jan. 28, 2016) ........................................................9

*United States v. Edmundson*, No. 13-CR-15, 2015 WL 9311983 (D. Md. Dec. 23, 2015)................................................9

*United States v. Fuertes*, 805 F.3d 485 (4th Cir. 2015)...........................8, 10, 14, 17

*United States v. Hughes*, 716 F.2d 234 (4th Cir. 1983)................................................14

*United States v. Jackson*, No. 01-0009, 327 F.3d 273 (4th Cir. Mar. 18, 2003) .............................................................4

*United States v. Lattanaphom*, No. 2:99-CR-00433, 2016 WL 393545 (E.D. Cal. Feb. 2, 2016) ..............................................9

*United States v. Leshen*, 453 Fed. App'x 408 (4th Cir. 2011) .........................................................16

*United States v. McNeal*, No. 14–4871, 2016 WL 1178823 (4th Cir. Mar. 28, 2016).......................8, 10, 11, 17

*United States v. Torres-Miguel*, 701 F.3d 165 (4th Cir. 2012) .............................................................13, 17

*United States v. Vinson*, 805 F.3d 120 (4th Cir. 2015)..............................................11

*United States v. Vivas-Cejas*, 808 F.3d 719 (7th Cir. 2015) .........................................................9

*United States v. Whitfield*, 548 Fed. App'x 70 (4th Cir. 2013), *aff'd*, *Whitfield v. United States*, 135 S. Ct. 785 (2015).........................................................12, 13

*United States v. Williams*, 342 F.3d 350 (4th Cir. 2003)..........................................12

*United States v. Williams*, 537 F.3d 969 (8th Cir. 2008)............................................8

*United States v. Wills*, 234 F.3d 174 (4th Cir. 2000)................................................14

*Welch v. United States*, 136 S. Ct. 1257 (2016) .......................................................1, 5

iii

*Whitfield v. United States*, No. 3:16-cv-00027, 2016 WL
    427942 (W.D.N.C. Feb. 3, 2016) .................................................13

*In re Williams*, 330 F.3d 277 (4th Cir. 2003) ...................................3, 18, 19

**Statutes**

18 U.S.C. § 16 ...................................................................................9

18 U.S.C. § 16(b) .............................................................................8

18 U.S.C. § 924(c) ................................................................*passim*

18 U.S.C. § 924(c)(3)(A) ......................................................*passim*

18 U.S.C. § 924(c)(3)(B) ......................................................*passim*

18 U.S.C. § 924(e) ................................................................*passim*

18 U.S.C. § 924(e)(2) ......................................................................16

18 U.S.C. § 924(e)(2)(B)(ii) (Armed Career Criminal
    Act) ..................................................................................*passim*

18 U.S.C. § 924(j) ....................................................................2, 4, 9

18 U.S.C. § 1111 ...................................................................*passim*

18 U.S.C. § 1111(a) .......................................................................2, 3

18 U.S.C. § 1201 ...........................................................5, 10, 14, 15

18 U.S.C. § 1201(a) .......................................................................14

18 U.S.C. § 1201(a)(2) ..................................................................2, 3

18 U.S.C. § 2241 .............................................................................15

18 U.S.C. § 2241(a) ..............................................................*passim*

18 U.S.C. § 2241(a)(1)–(2) ............................................................2, 4

18 U.S.C. § 2246(2)(A)–(D) ...........................................................15

18 U.S.C. § 2254(2)(A) ..................................................................15

18 U.S.C. § 2254(2)(B) ........................................................................16

18 U.S.C. § 2254(2)(C) ........................................................................15

18 U.S.C. § 2254(2)(D) ........................................................................16

28 U.S.C. § 2255 ...........................................................................*passim*

28 U.S.C. § 2255(h) .............................................................................18

28 U.S.C. § 2255(h)(2) ..................................................................1, 3, 19

**Other Authorities**

Local Rule 22(d) ...................................................................................1

Richard Jackson, through counsel, respectfully moves for an order authorizing the United States District Court for the Western District of North Carolina to consider a second motion to set aside his conviction and sentence pursuant to 28 U.S.C. § 2255(h)(2) and Local Rule 22(d).

## INTRODUCTION

This Court may authorize a second or successive motion under 28 U.S.C. § 2255 if the motion is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255(h)(2). Mr. Jackson's attached proposed second § 2255 motion (Appendix A) is (1) based on the "new rule of constitutional law" announced in *Johnson v. United States*, 135 S. Ct. 2551 (2015); (2) the rule was "made retroactive to cases on collateral review by the Supreme Court" in *Welch v. United States*, 136 S. Ct. 1257 (2016); and (3) the rule was previously unavailable. *See Welch*, 136 S. Ct. at 1264 ("It is undisputed that *Johnson* announced a new rule."). Mr. Jackson has therefore made a sufficient showing for the Court to authorize him to file the attached motion in the District Court.

In *Johnson*, the Supreme Court held that the definition of a violent felony in the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague because it required courts to envision

1

conduct that a crime involves in the "ordinary case"  and "to judge whether that abstraction presents a serious risk of potential injury," *Johnson*, 135 S. Ct. at 2557.

Mr. Jackson was convicted and sentenced to death for using a firearm during a federal "crime of violence" that resulted in a murder, in violation of 18 U.S.C. § 924(c) & (j).  Specifically, the single count alleged as underlying crimes of violence for the § 924(c) charge: (i) murder pursuant to 18 U.S.C. § 1111(a); (ii) kidnapping pursuant to 18 U.S.C. § 1201(a)(2); and (iii) aggravated sexual assault pursuant to 18 U.S.C. § 2241(a)(1)–(2).  To qualify as a crime of violence, these underlying offenses must fall under either § 924(c)(3)(A)'s "force clause" or under § 924(c)(3)(B)'s "residual clause."  Mr. Jackson's capital conviction cannot be upheld under § 924(c)(3)(B)'s residual clause because its definition of a "crime of violence" requires the same "ordinary case" approach that the Supreme Court deemed unconstitutional in *Johnson*.  Although the risk at issue in § 924(e) is of physical injury, and the risk in § 924(c) is that physical force will be used, this difference is immaterial under *Johnson*, which did not turn on the type of risk at issue, but rather on how courts assess and quantify a crime's intrinsic risk.  Numerous federal courts have recognized that § 924(e)'s residual clause is similar to the residual clause of § 924(c)(3)(B) in that both residual clauses require an "ordinary case" analysis to assess the predicate offense, and both require speculation about how risky that

2

ordinary case is. Because § 924(c) contains the same defect that rendered § 924(e) unconstitutional, the residual clause in § 924(c) is also unconstitutional.

Mr. Jackson's conviction also cannot be upheld under § 924(c)(3)(A)'s force clause because murder, kidnapping, and aggravated sexual assault may each be committed without the ***intentional*** use of physical force that this clause requires. Thus, after *Johnson*, Mr. Jackson's capital conviction is void for vagueness in violation of the Fifth Amendment's guarantee of due process.

As set forth below, Mr. Jackson makes a *prima facie* showing that his proposed claim falls within the scope of § 2255(h)(2), which is "simply a sufficient showing of possible merit to warrant a fuller exploration by the district court." *In re Williams*, 330 F.3d 277, 281 (4th Cir. 2003) (quotations omitted). Having made this showing, Mr. Jackson respectfully requests the Court permit him to file the proposed second § 2255 motion in the U.S. District Court for the Western District of North Carolina.

## PROCEDURAL HISTORY

In 2001, a jury in the U.S. District Court for the Western District of North Carolina convicted Mr. Jackson of a single count of violating 18 U.S.C. § 924(c) (carrying or using a firearm during a crime of violence). The government alleged, and the jury found, that the crimes of violence underlying this § 924(c) violation were (i) murder as defined in 18 U.S.C. § 1111(a), (ii) kidnapping as defined in 18

3

U.S.C. § 1201(a)(2), and (iii) aggravated sexual assault as defined in 18 U.S.C. § 2241(a)(1)–(2).  Under 18 U.S.C. § 924(j), Mr. Jackson's potential sentence was increased to any term of years, life, or death because he was found to have committed a murder during the course of the § 924(c) violation, and, after a separate sentencing hearing, Mr. Jackson was sentenced to death.[1]  This Court affirmed.  *United States v. Jackson*, No. 01-0009, 327 F.3d 273 (4th Cir. Mar. 18, 2003).  The Supreme Court denied certiorari review.  *Jackson v. United States*, 540 U.S. 1019 (2003) (mem.).

On November 16, 2004, Mr. Jackson filed a 28 U.S.C. § 2255 motion to set aside his conviction and sentence.  The district court denied the motion without a hearing, *Jackson v. United States*, No. 1:04–cv–251, 638 F. Supp. 2d 514 (W.D.N.C. June 19, 2009), and declined to issue a certificate of appealability, *Jackson v. United States*, No. 1:04–cv–251, 2010 WL 2775402 (W.D.N.C. July 13, 2010) (unpublished).  This Court also denied a certificate of appealability.  *Jackson v. United States*, No. 09–0010 (4th Cir. Feb. 11, 2011).  The Supreme Court denied review.  *Jackson v. United States*, 133 S. Ct. 100 (2012) (mem.).

On June 26, 2015, the Supreme Court held in *Johnson v. United States*, 135 S. Ct. 2551 (2015), that the residual clause of the ACCA, 18 U.S.C. §

---

[1] Mr. Jackson also pleaded guilty and was sentenced for three offenses in North Carolina state court related to the same events underlying this federal conviction. These state convictions are not at issue in this motion or the proposed second § 2255 motion.

4

924(e)(2)(B)(ii), is unconstitutional.  On April 18, 2016, the Supreme Court held

that *Johnson* applies retroactively.  *Welch v. United States*, 136 S. Ct. 1257 (2016).

## ARGUMENT

Mr. Jackson sets forth below a *prima facie* case that none of the alleged

offenses –murder under § 1111, kidnapping under § 1201, and aggravated sexual

assault under § 2241(a) – supporting his conviction for the use of a firearm during a

crime of violence qualify as crimes of violence under 18 U.S.C. § 924(c).  Section

924(c) defines a crime of violence in two clauses: the force clause of § 924(c)(3)(A)

and the residual clause of § 924(c)(3)(B).  After *Johnson*, the residual clause is void

for vagueness.  The validity of Mr. Jackson's conviction and sentence thus depends

on one of murder, kidnapping, or aggravated sexual assault qualifying as a crime of

violence under the force clause.  As set forth below, established case law and plain

language statutory interpretation dictate that none of the three offenses are crimes of

violence under the force clause.  Consequently, after *Johnson*, Mr. Jackson's

conviction and sentence are unconstitutional and illegal.

I.    **PURSUANT TO *JOHNSON*, § 924(c)(3)(B)'S RESIDUAL CLAUSE IS UNCONSTITUTIONALLY VAGUE.**

Under the reasoning of *Johnson v. United States*, 135 S. Ct. 2551 (2015), the

residual clause of 18 U.S.C. § 924(c)(3)(B) is void for vagueness.  In *Johnson*, the

Supreme Court analyzed the ACCA's residual clause, 18 U.S.C. § 924(e)(2)(B)(ii),

which parallels in all material respects the residual clause of 18 U.S.C.

5

§ 924(c)(3)(B). As § 924(c)(3)(B) suffers from the same flaws that compelled the Court to declare § 924(e)(2)(B)(ii) unconstitutionally vague, § 924(c)(3)(B) is unconstitutional as well.

### A.   *Johnson* Expressly Rejected the "Ordinary Case" Approach to Determining Whether a Crime Is Intrinsically Violent.

In *Johnson*, the Court held that § 924(e)(2)(B)(ii) is unconstitutionally vague because the process by which courts categorize convictions as violent is unacceptably "wide ranging" and "indeterminate." *Johnson*, 135 S. Ct. at 2557. The Court began by reaffirming that a determination of whether a particular statute is a violent felony under the residual clause of § 924(e)(2)(B)(ii) requires the categorical approach. *Johnson*, 135 S. Ct. at 2557, 2562. That is, courts must assess a crime "'in terms of how the law ***defines the offense*** and not in terms of how an individual ***might have committed*** it on a particular occasion.'" *Id.* at 2562 (quoting *Begay v. United States*, 553 U.S. 137, 141 (2008) (emphasis added)).

The Court observed that, under its precedents, the residual clause "require[d] a court to picture the kind of conduct that the crime involves 'in the ordinary case,' and to judge whether that abstraction presents a serious risk of potential injury." *Johnson*, 135 S. Ct. at 2557 (citation omitted). But "grave uncertainty" abounds in determining "how to estimate the risk posed by a crime" in the "judicially imagined 'ordinary case'" because "[t]he residual clause offers no reliable way to choose between . . . competing accounts of what 'ordinary' . . . involves." *Id.* The Court

6

thus concluded that the process of determining what is the "ordinary case" is fatally flawed, rendering the clause unconstitutionally vague. *Id*. at 2557–58.

This flaw alone established the residual clause's unconstitutional vagueness, but a related defect exacerbated the problem. *Id*. The residual clause also lacked a meaningful gauge for determining when the quantum of risk under the "ordinary case" of an offense was enough to constitute a "serious potential risk of physical injury." *Id*. at 2558. The Court held that the indeterminacy and arbitrariness of the "ordinary case" analysis is more than the "Due Process Clause tolerates." *Id*. Thus, *Johnson* not only invalidated the residual clause of § 924(e); it invalidated the "ordinary case" analysis in determining the violence inherent in crimes. *See id*.

### B.    *Johnson* Renders § 924(c)(3)(B) Unconstitutionally Vague.

The residual clause in § 924(c) suffers the same defects as the residual clause in § 924(e). Both provisions define violent crimes according to their intrinsic risk that they may involve physical force or injury. Section 924(e)(2)(B)(ii) defines a "violent felony" in pertinent part to include those that "involve[] conduct that presents a serious potential risk of physical injury to another." Section 924(c)(3)(B) defines a "crime of violence" as an offense "that by it natures, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Although the risk at issue in § 924(e) is of physical injury, and the risk in § 924(c) is that physical force will be used, this

7

difference is immaterial under *Johnson*, which did not turn on the type of risk at issue but rather on how courts assess and quantify a crime's intrinsic risk.[2]

Moreover, under § 924(c), just as under § 924(e), a court must first picture the "ordinary case" and then decide if it categorically qualifies as a crime of violence by assessing the intrinsic risk posed. *See United States v. Fuertes*, 805 F.3d 485, 500 n.6 (4th Cir. 2015) (considering whether offense qualifies as crime of violence under residual clause of § 924(c) based on whether "ordinary case . . . involves a substantial risk that the defendant will use physical force as a means to commit the offense"); *see also United States v. McNeal*, No. 14–4871, 2016 WL 1178823, at *8 (4th Cir. Mar. 28, 2016) ("In determining whether an offense is a crime of violence under either [the force clause or the residual clause of § 924(c)], we utilize the categorical approach, which focuses solely on the elements of the offense, rather than on the facts of the case.").

---

[2] Federal courts have recognized that § 924(e)'s residual clause is similar to § 924(c)(3)(B) and to the identical provision in 18 U.S.C. § 16(b). *See, e.g.*, *Chambers v. United States*, 555 U.S. 122, 133 n.2 (2009) (Alito, J., concurring) (Section 16(b) "closely resembles ACCA's residual clause"); *United States v. Ayala*, 601 F.3d 256, 267 (4th Cir. 2010) (relying on ACCA case to interpret definition of crime of violence under § 924(c)(3)(B)); *United States v. Aragon*, 983 F.2d 1306, 1314 (4th Cir. 1993) (same); *United States v. Williams*, 537 F.3d 969, 971 (8th Cir. 2008) ("The present case involves the term 'crime of violence' whereas the Supreme Court in *Begay* interpreted the term 'violent felony.' We have never recognized a distinction between the two.").

8

Indeed, in litigating *Johnson*, the United States agreed that the residual clauses in § 924(e) and § 924(c) were "equally susceptible to petitioner's central objection" that both "require[] a court to identify the ordinary case of the commission of the offense and to make a commonsense judgment about the risk of confrontations and other violent encounters." Supplemental Brief for the United States, *Johnson v. United States*, 135 S. Ct. 2551, 2015 WL 1284964, at *22–23 (Mar. 20, 2015) (emphasis in original). The Solicitor General's analysis was correct. The residual clauses in both § 924(c) and § 924(e) require an "ordinary case" analysis to assess the predicate offense, and both require speculation about how risky that ordinary case is. Because this is the same defect that rendered § 924(e) unconstitutional, the residual clause in § 924(c) is also unconstitutional.[3]

In light of *Johnson*, Mr. Jackson's conviction and sentence for the use of a firearm during a crime of violence resulting in death under §§ 924(c) & (j) cannot

---

[3] Various federal courts have recognized that § 924(c)'s residual clause is also now unconstitutional in light of *Johnson*. *See United States v. Bell*, No. 15–CR–00258, 2016 WL 344749, at *11–13 (N.D. Cal. Jan. 28, 2016); *United States v. Lattanaphom*, No. 2:99–CR–00433, 2016 WL 393545, at *3–6 (E.D. Cal. Feb. 2, 2016); *United States v. Edmundson*, No. 13–CR–15, 2015 WL 9311983, at *2–6 (D. Md. Dec. 23, 2015); *see also Freeman v. United States*, No. 15–3687 (2d Cir. Jan. 26, 2016) (unpublished) (authorizing successive § 2255 motion based on *Johnson*'s applicability to § 924(c)); *Ruiz v. United States*, No. 16–1193 (7th Cir. Feb. 19, 2016) (unpublished) (same). The Seventh and Ninth Circuits have also held that the residual clause of § 16, identical to the residual clause in § 924(c), is sufficiently similar to the residual clause in § 924(e) and thus unconstitutionally vague. *See United States v. Vivas-Cejas*, 808 F.3d 719, 720 (7th Cir. 2015); *Dimaya v. Lynch*, 803 F.3d 1110, 1120 (9th Cir. 2015).

rest upon any alleged crime of violence qualifying under the unconstitutionally vague residual clause of § 924(c)(3)(B).

**II.    MURDER UNDER § 1111, KIDNAPPING UNDER § 1201, AND AGGRAVATED SEXUAL ASSAULT UNDER § 2241(a) DO NOT QUALIFY AS CRIMES OF VIOLENCE UNDER THE FORCE CLAUSE OF § 924(c)(3)(A).**

Because § 924(c)(3)(B)'s residual clause is unconstitutionally vague in light of *Johnson*, Mr. Jackson's conviction and sentence must rely on a crime of violence qualifying under § 924(c)(3)(A)'s force clause, which defines a "crime of violence" as a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." However, the alleged crimes of violence in this case (federal murder, kidnapping, and aggravated sexual assault) all fail to qualify as crimes of violence under § 924(c)(3)(A) because none categorically require the intentional use or threat of physical force.

To determine whether a predicate offense qualifies as a crime of violence under § 924(c), this Court must use the categorical approach. *See Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013); *United States v. McNeal*, No. 14–871, 2016 WL 1178823, at *8 (4th Cir. Mar. 28, 2016); *United States v. Fuertes*, 805 F.3d 485, 498 (4th Cir. 2015). This requires that courts "look only to the statutory definitions – i.e., the elements – of a defendant's [offense] and not to the particular facts underlying [the offense]" in determining whether an offense is as a crime of violence. *Descamps*, 133 S. Ct. at 2283 (citation omitted); *see also McNeal*, 2016

10

WL 1178823, at *8 ("In determining whether an offense is a crime of violence under either clause [of § 924(c)], we utilize the categorical approach, which focuses solely on the elements of the offense, rather than on the facts of the case.")

Under this well-established standard, federal murder, kidnapping, and aggravated sexual assault all fail to qualify as crimes of violence under the force clause of § 924(c)(3)(A).

### A. Murder under § 1111 Does Not Qualify as a Crime of Violence under the Force Clause of § 924(c)(3)(A).

Murder pursuant to § 1111 does not categorically qualify as a crime of violence under the force clause of § 924(c)(3)(A) for at least two reasons: (1) murder may be accomplished without the *intentional* use of force; and (2) murder may be accomplished without *violent physical* force.

The Supreme Court has recognized that "the use . . . of physical force against the person or property of another [] most naturally suggests a higher degree of intent than negligent or merely accidental conduct." *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004) (citations and quotations omitted). This Court has similarly acknowledged that "to qualify as a crime of violence, an offense must require either specific intent or knowledge with respect to the use, threatened use, or attempted use of physical force." *McNeal*, 2016 WL 1178823, at *12; *see also United States v. Vinson*, 805 F.3d 120, 125 (4th Cir. 2015) (use of physical force required of crime of violence must involve an intent beyond mere recklessness or negligence); *Garcia v. Gonzales*,

11

455 F.3d 465, 469 (4th Cir. 2006) ("[R]ecklessness, like negligence, is not enough to support a determination that a crime is a 'crime of violence.'").

At the same time, this Court has also recognized that, although "murder [under § 1111] requires a showing of malice aforethought," "[t]o prove malice, the Government does not have to show an intent to kill or injure." *United States v. Williams*, 342 F.3d 350, 356 (4th Cir. 2003). Thus, because an intent to kill or even to injure is not required, the *mens rea* required to sustain a conviction of murder under § 1111 is "not enough to support a determination that a crime is a 'crime of violence.'" *Garcia*, 455 F.3d at 469.

Murder under § 1111 further fails to qualify as a crime of violence under § 924(c)(3)(A)'s force clause because the offense does not require the use of violent physical force at all. "Physical force" means "*violent* force – that is, force capable of causing physical pain or injury to another person." *Johnson (Curtis) v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original). But, as this Court has recognized, deaths occurring during the commission of a felony, without the use of any violent force by the defendant, can support convictions of murder under § 1111. For example, if a bystander suffers a heart attack while a defendant is committing a predicate felony, the defendant could be charged and convicted of murder despite having never used or threatened violent physical force. *See United States v. Whitfield*, 548 Fed. App'x 70, 71–72 (4th Cir. 2013) (per curiam) (upholding district

12

court's finding under sentencing guidelines that victim was killed under circumstances constituting murder under § 1111 because death occurred during perpetration of burglary or robbery), *aff'd*, *Whitfield v. United States*, 135 S. Ct. 785 (2015); *Whitfield v. United States*, No. 3:16–cv–00027, 2016 WL 427942, at *1 (W.D.N.C. Feb. 3, 2016) (noting "[u]pon seeing [defendant] enter her home, [the victim] became extremely agitated and began to cry and experience shortness of breath," defendant "ordered her from the hallway into another room and instructed her to sit down," and later "it was found that [the victim] had died from a heart attack"). Similarly, an accidental death occurring during a felony that resulted from only slightly offensive touching (such as when a bystander falls to their death after being recklessly brushed aside by a defendant) would sustain a murder conviction but not involve the required use of "force capable of causing physical pain or injury to another person," *Johnson*, 559 U.S. at 140. Indeed, this Court recognizes that "[o]f course, a crime may *result* in death or serious injury without involving *use* of physical force." *United States v. Torres-Miguel*, 701 F.3d 165, 168 (4th Cir. 2012) (emphasis in original).

Because neither the intentional use of force nor the actual use of any violent physical force are categorical elements of murder pursuant to § 1111, federal murder is not a crime of violence under the force clause of § 924(c)(3)(A).

13

**B.    Kidnapping under § 1201 Does Not Qualify as a Crime of Violence under the Force Clause of § 924(c)(3)(A).**

Similarly, kidnapping under 18 U.S.C. § 1201 does not qualify as a crime of violence under the force clause of § 924(c)(3)(A) because it may be accomplished without the use of physical force at all.  Instead, the crime may be accomplished through non-physical means, such as by "inveigling" or "decoying." § 1201(a); *United States v. Hughes*, 716 F.2d 234, 239 (4th Cir. 1983) (noting that a kidnapper may "use[] deceit and trickery to accomplish his purpose rather than overt force"); *see also United States v. Wills*, 234 F.3d 174, 177 (4th Cir. 2000) ("By its terms, § 1201(a) criminalizes kidnappings accomplished through physical, forcible means and also by nonphysical, nonforcible means."); *Fuertes*, 805 F.3d at 498–99 (concluding that sex trafficking by force, fraud, or coercion is not a crime of violence under either the force clause or residual clause of § 924(c) because it does not categorically involve physical force).

Likewise, the requirement that the kidnapper "hold" the victim for ransom or reward does not categorically require physical force. As the Supreme Court has explained, "the act of holding a kidnapped person for a proscribed purpose necessarily implies an unlawful physical *or mental restraint* for an appreciable period against the person's will and with a willful intent so to confine the victim." *Chatwin v. United States*, 326 U.S. 455, 460 (1946) (emphasis added). Thus, the element of "holding" may be fulfilled through non-forceful means such as "mental

14

restraint." As § 1201 may be accomplished without the use of any violent physical force at all, federal kidnapping does not categorically qualify as a crime of violence under the force clause of § 924(c)(3)(A).

### C. Aggravated Sexual Assault under § 2241(a) Does Not Qualify as a Crime of Violence under the Force Clause of § 924(c)(3)(A).

The federal offense of aggravated sexual assault under § 2241(a) is not a crime of violence under § 924(c)(3)(A) because "knowingly caus[ing] another person to engage in a sexual act" by "threatening or placing that person in fear that any person will be subjected to. . . serious bodily injury, or kidnapping," § 2241(a), may be accomplished without the use of force by the defendant.

The sexual act element of § 2241(a) does not categorically require the use of violent physical force because none of the four definitions of sexual act from § 2246(2)(A)–(D) that apply to § 2241 require the use of any violent physical force. A sexual act may involve "contact between the penis and the vulva or the penis and the anus" with such "contact involving the penis occur[ring] upon penetration, *however slight*," 18 U.S.C. § 2254(2)(A) (emphasis added), or "the penetration, *however slight*, of the anal or genital opening of another by a hand or finger or by any object, with an intent to . . . arouse or gratify the sexual desire of any person," § 2254(2)(C) (emphasis added). This "however slight" contact does not rise to required level of "*violent* force – that is, force capable of causing physical pain or injury to another

15

person," *Johnson (Curtis)*, 559 U.S. at 140 (emphasis in original). Indeed, this Court has held that a statute requiring "'penetration, however slight, of the genitals or anus'" of another is not a crime of violence "[b]ecause physical force is not necessary." *United States v. Leshen*, 453 Fed. App'x 408, 412–13 (4th Cir. 2011) (per curiam) (quoting 18 Pa. Cons. Stat. § 3125).

A sexual act may also involve "contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus," § 2254(2)(B), or "intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to . . . gratify the sexual desire of any person," § 2254(2)(D). Since *any* contact under these definitions of a sexual act, rather than contact through violent physical force, can sustain a conviction for aggravated sexual assault, the required sexual act does not involve the force necessary under § 924(c)(3)(A). *See, e.g, Johnson (Curtis)*, 559 U.S. at 139–40 (holding "the slightest offensive touching" does not rise to the level of "force" required for offense to qualify as "violent felony" under 18 U.S.C. § 924(e)(2) because "by itself, the word 'violent'. . . connotes a substantial degree of force,").

Moreover, aggravated sexual assault only requires that a defendant "knowingly caus[e] another person to engage in a sexual act," § 2241(a), which may be accomplished by the defendant knowingly causing another person to engage in a sexual act with a third party, such that the defendant never touches another person

16

at all, and so cannot be said to have used force at all. Indeed, this Court has recognized that "the relevant inquiry in determining whether an offense qualifies as a crime of violence [under § 924(c)(3)(B)] is not simply whether there is a substantial risk of physical injury" but "whether there is a substantial risk that the *defendant* will use physical force against the victim in completing the crime." *Fuertes*, 805 F.3d at 500 (emphasis in original).

The remaining elements of aggravated sexual assault may also be accomplished without the use of force, as the offense is complete if a defendant "knowingly causes another person to engage in a sexual act" by "threatening or placing that person in fear that any person will be subjected to . . . seriously bodily injury, or kidnapping." *See* § 2241(a). As described above, kidnapping can be accomplished in many non-forceful ways, and hence the threat of a non-forceful kidnapping would complete the crime of aggravated sexual assault without the use or threat of physical force. This Court also recognizes a distinction between statutes that entail a threat to use violent physical force and those that more broadly involve threats of a result of serious bodily injury. *See Torres-Miguel*, 701 F.3d at 169 ("Of course, a crime may *result* in death or serious injury without involving *use* of physical force.") (emphasis in original). Thus, an offense only qualifies as a crime of violence under the force clause of § 924(c) if it "entails a threat to use violent physical force, and not merely a threat to cause bodily injury." *See McNeal*, 2016

17

WL 1178823, at *13. Aggravated sexual assault does not meet this requirement because it can be accomplished with the threat of a non-forceful kidnapping or the mere threat of serious bodily injury.

For these reasons, aggravated sexual assault under § 2241(a) does not qualify as crime of violence under the force clause of § 924(c)(3)(B).

### III. MR. JACKSON HAS MADE A SUFFICIENT SHOWING OF POSSIBLE MERIT ENTITLING HIM TO FILE A SUCCESSIVE OR SUCCESSIVE MOTION IN DISTRICT COURT.

This Court should grant Mr. Jackson's application to file a second motion pursuant to 28 U.S.C. § 2255(h) because he has made "'a sufficient showing of possible merit to warrant a fuller exploration by the district court.'" *In re Williams*, 330 F.3d 277, 281 (4th Cir. 2003) (quoting *Bennett v. United States*, 119 F.3d 468, 469–70 (7th Cir. 1997)). Under *Johnson*, the residual clause of § 924(c)(3)(B) is unconstitutional. In addition, Mr. Jackson's conviction and sentence cannot be sustained under the force clause of § 924(c)(3)(A) because none of federal murder, kidnapping, and aggravated sexual assault qualify as a crime of violence under this clause. At a minimum, Mr. Jackson has shown that these issues are of possible merit to warrant full exploration in district court. *See Williams*, 330 F.3d at 281. Indeed, this "'showing of possible merit'" relates only to whether the claims in this application satisfy the requirements for filing a second or successive motion, "not the possibility that the claims will ultimately warrant a decision in favor of the

18

applicant." *Williams*, 330 F.3d at 282. While "this determination may entail a cursory glance at the merits," the "focus of the inquiry must always remain on the [§ 2255(h)(2)] standards" – that is, whether Mr. Jackson's claim relies on a new rule of constitutional law made retroactive by the Supreme Court. *Williams*, 330 F.3d at 282. Mr. Jackson has satisfied this standard by showing that, in light *Johnson*, he can now raise a claim of possible merit in district court.

## CONCLUSION

WHEREFORE, because Mr. Jackson has presented a *prima facie* claim that the requirements of 28 U.S.C. § 2255(h)(2) are satisfied, he respectfully requests that his application be granted and that he be authorized to file a second § 2255 motion.

Respectfully Submitted,

s/ John A. Fagg, Jr.
John A. Fagg, Jr.
Frank E. Schall
Moore & Van Allen PLLC
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
(704) 331-1000

Shawn Nolan
Federal Community Defender Office
 for Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520

Counsel for Richard Jackson

Dated: May 24, 2016

19

**CERTIFICATE OF SERVICE**

I, John A. Fagg, Jr., hereby certify that on this 24 day of May, 2016, I

submitted the foregoing Application for filing with service via first class mail to:

Ms. Jill Westmoreland Rose
United States Attorney for the Western District of North Carolina
227 West Trade St., Suite 1650
Charlotte, NC 28202

/s/ John A. Fagg, Jr.
John A. Fagg, Jr.