## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### No. 16-10 (1:00-cr-00074-MR-1)

### In re: RICHARD ALLEN JACKSON, Movant.

### RESPONSE IN OPPOSITION TO MOVANT'S MOTION TO FILE A SUCCESSIVE § 2255 MOTION

#### PRELIMINARY STATEMENT

After a jury trial in the United States District Court for the Western District of North Carolina, movant Richard Allen Jackson was convicted of using a firearm during and in relation to a crime of violence, specifically murder, kidnapping, and aggravated sexual abuse, thereby causing the death of a person. 18 U.S.C. 924(j). The jury recommended, and the district court imposed, a death sentence. This Court affirmed, and the Supreme Court denied review. *United States v. Jackson*, 327 F.3d 273 (4th Cir.), *cert. denied*, 540 U.S. 1019 (2003) (No. 03-5929).

In 2004, Jackson filed a motion for collateral relief under 28 U.S.C. § 2255, which the district court denied in a published opinion. *Jackson v. United States*, 638 F. Supp. 2d 514 (W.D.N.C. 2009). The district court and this Court subsequently denied certificates of appealability. *Jackson v. United States*, No. 09–0010, Doc. 30 (4th Cir. Feb. 11, 2011); *Jackson v. United States*, No. 1:04–cv–

1

251, 2010 WL 2775402 (W.D.N.C. July 13, 2010). The Supreme Court denied review. *Jackson v. United States*, 133 S. Ct. 100 (2012).

On May 24, 2016, Jackson filed a motion for permission to file a second or successive motion under 28 U.S.C. § 2255. Pursuant to this Court's order (Doc. 6), this response follows.

## ARGUMENT

### THE STATUTE THAT DEFINES JACKSON'S CRIME OF CONVICTION IS NOT SUBJECT TO CONSTITUTIONAL DISPUTE

Jackson claims this Court should permit him to file a second or successive motion for collateral relief under 28 U.S.C. § 2255(h) because he has presented prima facie evidence that § 924(c), a provision that partially defines his crime of conviction, is unconstitutionally vague. As his principle authority, Jackson relies on the Supreme Court's decision in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015). Doc. 4. Jackson's reliance on *Johnson* is misplaced, and he cannot identify any other authority that plausibly demonstrates an infirmity in § 924(c).

Federal defendants who have previously litigated motions under § 2255 may not file a second or successive such application without first obtaining authorization from the pertinent court of appeals. *See* 28 U.S.C. 2244(b)(3)(A), 2255(h); *Burton v. Stewart*, 549 U.S. 147, 152 (2007) (*per curiam*). The courts of appeals may authorize a successive motion if the applicant makes a "prima facie"

2

showing, that is "a sufficient showing of possible merit to warrant a fuller exploration by the district court." *In re Williams*, 330 F.3d 277, 281 (4th Cir. 2003) (citation omitted). The applicant's prima facie showing must concern a claim of actual innocence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. 2255(h); *see also* 28 U.S.C. 2244(b)(3)(C). The prima facie showing concerns only the possibility that the proposed claims will satisfy "'the stringent requirements for the filing of a second or successive petition,' not the possibility that the claims will ultimately warrant" relief for the applicant. *Williams*, 330 F.3d at 282.

In this case, Jackson cannot make out a prima facie case because *Johnson* does not reach § 924(c). In *Johnson*, the Supreme Court held that the imposition of "an increased sentence under the residual clause of the Armed Career Criminal Act [of 1984, 18 U.S.C. § 924(e) ("ACCA")] violates the Constitution's guarantee of due process." *Id*. at 2563. *Johnson* has spawned litigation involving two issues. First, and relevant to this case, courts have considered the extent to which the decision invalidates federal statutes containing residual clauses like that in the ACCA. *See*, *e.g.*, 18 U.S.C. § 16(b), 18 U.S.C. § 924(c); *see also* U.S.S.G. § 4B1.2(a)(1) (containing a residual clause identical to that in the ACCA). Second, they have grappled with its temporal reach, and in *Welch* v. *United States*, 136 S.

3

Ct. 1257 (2016), the Supreme Court held that *Johnson* announced a new substantive rule with retroactive effect on collateral review because a misapplication of the ACCA subjects a defendant to a minimum of five extra years of imprisonment.  *Compare* 18 U.S.C. § 924(e) (ACCA mandates minimum 15-year sentence) *with* 18 U.S.C. § 924(a)(2) (unenhanced statutory maximum is 10 years of imprisonment); *see generally Schriro* v. *Summerlin*, 542 U.S. 348, 351-352 (2004) (rule that subjects a defendant to "a punishment that the law cannot impose upon him" is substantive).  *Welch*'s narrow holding has no bearing here, as Jackson is not challenging an ACCA enhancement.

Because Jackson cannot identify any existing authority that undermines the constitutionality of § 924(c), he asks this Court to authorize an action in which he could only obtain relief if the district court extended *Johnson* to a new context.  In fact, Jackson's request presupposes that the district court would extend *Johnson* to find that § 924(c) does not embrace murder, kidnapping and aggravated sexual assault, though this Court has already held that the Supreme Court's decision did not affect the reach of the statute to bank robbery.  *United States v. McNeal*, ___ F.3d ___, ___, 2016 WL 1178823, *9-10 (4th Cir. 2016).  But a successive § 2255 motion is not a proper forum for articulating new rules of law.  *See Teague* v. *Lane*, 489 U.S. 288 (1989) (plurality opinion).

*Johnson* invalidated the residual clause of the ACCA, based on "[t]wo features" that "conspire[d]" to make it vague: (1) the difficulty of determining how much risk is required, and (2) the application of a risk-based standard to a hypothetical "ordinary case." 135 S. Ct. at 2557, 2558. The Supreme Court emphasized, however, that its ruling should not be understood to raise doubts about (much less invalidate) other laws using similar risk-based language:

> The Government and the dissent . . . point out that dozens of federal and state criminal laws use terms like substantial risk, grave risk, and unreasonable risk, suggesting that to hold the residual clause unconstitutional is to place these provisions in constitutional doubt. * * * Not at all.

*Id*. at 2561 (internal quotes omitted). *Welch* reaffirmed this point, emphasizing that *Johnson* "cast no doubt on the many laws that 'require gauging the riskiness of conduct in which an individual defendant engages in a particular occasion.'" 136 S. Ct. at 1261. Because *Johnson* did not address § 924(c)(3)(B)'s residual clause, it did not invalidate that clause. *See United States* v. *Taylor*, 814 F.3d 340, 378 (6th Cir. 2016) (rejecting vagueness challenge to § 924(c)).

Admittedly, as Jackson observes, *Johnson*'s reasoning provides a colorable basis for challenging differently-worded residual clauses in other statutes, and some courts have extended the reach of the opinion. *See, e.g., United States* v. *Vivas-Ceja*, 808 F.3d 719, 723 (7th Cir. 2015) (applying *Johnson* to invalidate 18

5

U.S.C. § 16(b)); *Dimaya* v. *Lynch*, 803 F.3d 1110, 1120 (9th Cir. 2015) (same).[1]

Those decisions, however, arose in procedural settings appropriate to the modification or refinement of precedent.  In this context, in which Jackson must establish a prima facie case for relief, he cannot merely argue what the law should or could be.  Instead, he must present a claim premised on what the law has been recognized to be.  *See Caspari v. Bohlen*, 510 U.S. 383, 390 (1994).  If a proposed successive claim depends on the extension of precedent, authorization is inappropriate because the district court would need to announce a new rule of law for the first time in the defendant's case.  *Cf. Tyler* v. *Cain*, 533 U.S. 656, 667 (2001) (holding the Court could not make a new rule retroactive for purposes of a successive application).

The statutes regulating successive § 2255 motions support this view. Congress imposed strict procedural limitations on determinations regarding successive motions: the proceedings are truncated, often non-adversarial, and subject to expedited disposition.  *See* § 2244(b)(3)(D) (applications must generally be decided within 30 days).  The brief time frame for decision implies Congress's intent that the courts of appeals make quick determinations after comparing proposed allegations to the statutory criteria without undertaking difficult legal

---

[1]  This Court has not yet found an appropriate procedural vehicle for determining the applicability of *Johnson* to § 924(c).  *See United States v. Hare*, ___ F.3d ___, 2016 WL 1567051, *10 & n.10  (4th Cir. 2016); *McNeal*, 2016 WL at *8 n.8.

6

analyses. *See Ashley* v. *United States*, 266 F.3d 671, 673 (7th Cir. 2001) (holding the brevity of the decision period "implies a mechanical process; all the court need do is look up an answer in the United States Reports"); *cf. Tyler*, 533 U.S. at 664 (holding the "stringent time limit" means that the courts should not have to undertake "the difficult legal analysis that can be required to determine questions of retroactivity in the first instance"). Accordingly, authorization should be denied when an request depends on the extension, rather than the application, of precedent.

The First Circuit has expressly recognized the limitations on a court's ability to authorize a successive motion, explaining that "a circuit court should deny certification where it is clear as a matter of law, and without the need to consider contested evidence, that the petitioner's identified constitutional rule does not apply to the petitioner's situation." *Evans-Garcia v. United States*, 744 F.3d 235, 240 (1st Cir. 2014). The First Circuit's doctrine should lie here: *Johnson*'s holding and its express disavowal of an intent to cast doubt on the constitutionality of other statutes ought to preclude Jackson's proposed reliance on the opinion to invalidate § 924(c).

A Sixth Circuit case further underscores the limits on successive petitions. *See In re Garner*, 612 F.3d 533, 535-536 (6th Cir. 2010). In *Garner*, the defendant sought leave to file a successive collateral attack based on *Roper* v. *Simmons*, 543

7

U.S. 551 (2005), which barred the execution of juvenile offenders. Although

Garner conceded he was an adult at the time of his offense, he argued *Roper*

prohibited his death sentence because he had the mental age of a 14-year-old. In

denying Garner's application, the Sixth Circuit held that *Roper* had not articulated

the rule the defendant sought to apply, contrasting mental age with chronological

age. *Garner*, 612 F.3d at 535-536. While the Sixth Circuit acknowledged

arguments supporting Garner's extension of authority, it found that "in this

analysis," it was "confined to a consideration of constitutional law as it presently

stands," and because Garner's claim depended on a novel "extension of the law,"

he had not made a *prima facie* showing. *Id.*; *see also In re: Neville*, 440 F.3d 220

(5th Cir. 2006) (denying leave to file successive motion that sought an extension of

a new rule).

Accordingly, this Court should deny Jackson's motion without prejudice. If

the Supreme Court one day extends *Johnson* to § 924(c), Jackson can submit a new

request to file a successive § 2255 motion. Absent such an eventuality, however,

Jackson's application should be denied.

CONCLUSION

Based on the foregoing reasoning, the government urges this Court to deny

Jackson's request to file a successive § 2255 motion.

Dated: May 31, 2016,

Respectfully submitted,
JILL W. ROSE
United States Attorney
Western District of North Carolina

LESLIE CALDWELL
Assistant Attorney General

*/s/Jeffrey B. Kahan*
JEFFREY B. KAHAN
U.S. Dept. of Justice, Capital Case
Unit
1331 F Street, NW; 6th Fl.
Washington, D.C. 20530
(202) 305-8910
(202) 353-9779 fax
jeffrey.kahan@usdoj.gov

## CERTIFICATE OF ECF FILING AND DELIVERY

I, hereby certify that on May 31, 2016, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. A Notice of Electronic Filing will be sent via the Court's ECF system to the following counsel of record for the Petitioner/Appellant:

> Mr. John Anderson Fagg, Jr.: johnfagg@mvalaw.com, lindamelin@mvalaw.com
>
> Frank E. Schall: frankschall@mvalaw.com, cherylwalters@mvalaw.com

I hereby certify that I caused a true and correct copy of the foregoing document to be mailed via the United States Postal Service on May 31, 2016, to the following:

> Shawn Nolan:
> FEDERAL COMMUNITY DEFENDER OFFICE
> Eastern District of Pennsylvania
> The Curtis Center
> 601 Walnut Street
> Philadelphia, PA 19106-0000

*S/ Jeffrey B. Kahan*
JEFFREY B. KAHAN