# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### Case No. 16-10 (1:00-cr-00074-MR-1)

_____

### In re RICHARD JACKSON,

### Movant.

_____

### REPLY IN SUPPORT OF APPLICATION TO FILE SECOND OR SUCCESSIVE MOTION PURSUANT TO 28 U.S.C. § 2255(h)

_____

### CAPITAL § 2255 PROCEEDINGS

John A. Fagg, Jr.
Frank E. Schall
Moore & Van Allen PLLC
100 N. Tryon Street, Suite 4700
Charlotte, NC  28202
(704) 331-1000

Shawn Nolan
Assistant Federal Defender
Federal Community Defender Office
  for Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520

June 7, 2016

## TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................................i

TABLE OF AUTHORITIES ........................................................................ ii

ARGUMENT ................................................................................................1

I.    MR. JACKSON HAS MADE THE NECESSARY SHOWING THAT HIS CLAIM, BASED ON THE NEW RULE OF LAW ANNOUNCED IN *JOHNSON*, WARRANTS FULL EXPLORATION BY THE DISTRICT COURT ...................................................................................1

CONCLUSION .............................................................................................5

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bennett v. United States*, 119 F.3d 468, 469–70 (7th Cir. 1997)...............................4

*In re Chapman*, No. 16–246 (Mar. 17, 2016)...............................................................2

*In re Chapman*, No. 16–246 (4th Cir. May 3, 2016)..................................................2, 4

*Dimaya v. Lynch*, 803 F.3d 1110, 1120 (9th Cir. 2015)...............................................3

*Freeman v. United States*, No. 15–3687 (2d Cir. Jan. 26, 2016)...............................3

*In re Holston*, No. 16-50213 (5th Cir. May 17, 2016)..................................................3

*Johnson v. United States*, 135 S. Ct. 2551 (2015) ........................................ 1, 2, 3, 4

*In re Pinder*, No. 16–12084-J, 2016 WL 3081954 (11th Cir. June 1, 2016) ........2, 3

*Ruiz v. United States*, No. 16–1193 (7th Cir. Feb. 19, 2016) ....................................3

*United States v. Aragon*, 983 F.2d 1306, 1314 (4th Cir. 1993)..................................4

*United States v. Ayala*, 601 F.3d 256, 267 (4th Cir. 2010).........................................3

*United States v. Bell*, No. 15–CR–00258, 2016 WL 344749 (N.D. Cal. Jan. 28, 2016)..................................................................................................................................3

*United States v. Edmundson*, No. 13–CR–15, 2015WL 9311983 (D. Md. Dec. 23, 2015)..................................................................................................................................3

*United States v. Lattanaphom*, No. 2:99–CR–00433, 2016 WL 393545 (E.D. Cal. Feb. 2, 2016)......................................................................................................................3

*United States v. Taylor*, 814 F.3d 340, 379 (6th Cir. 2016) ......................................3

*United States v. Vivas-Cejas*, 808 F.3d 719, 720 (7th Cir. 2015)..............................3

*Welch v. United States*, 136 S. Ct. 1257 (2016) ........................................................5

ii

*In re Williams*, 330 F.3d 277, 281 (4th Cir. 2003) ..................................................2, 4

**Statutes**

18 U.S.C. § 16(b) ...............................................................................................3

18 U.S.C. § 924(c) ................................................................................. 1, 2, 3, 4

18 U.S.C. § 924(c)(3)(B) ..................................................................................4

18 U.S.C. § 924(e) .........................................................................................3, 4

28 U.S.C. § 2255 .................................................................................... passim

28 U.S.C. § 2255(h)(2)............................................................................. 1, 2, 5

U.S.S.G. § 4B1.2(a)(2).....................................................................................3

**Rules**

Local Rule 22(d) ..............................................................................................2

Federal Rule of Appellate Procedure 27(a)(4)............................................1

Richard Jackson, through counsel, respectfully submits, pursuant to Rule 27(a)(4) of the Federal Rules of Appellate Procedure, this Reply to the Government's Response in Opposition to Movant's Motion to File a Successive § 2255 Motion ("Response").

**ARGUMENT**

**I.     MR. JACKSON HAS MADE THE NECESSARY SHOWING THAT HIS CLAIM, BASED ON THE NEW RULE OF LAW ANNOUNCED IN *JOHNSON*, WARRANTS FULL EXPLORATION BY THE DISTRICT COURT.**

The government does not dispute that Mr. Jackson's application states a claim relying on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255(h)(2).  The government acknowledges that "[a]s his principle authority, Jackson relies on the Supreme Court's decision in *Johnson v. United States*."  Response 2.

Recognizing that a valid claim under *Johnson* would satisfy the requirements for filing a second § 2255 motion, Response 8, the government argues that "*Johnson* does not reach [18 U.S.C.] § 924(c)," so that "[Mr.] Jackson's reliance on *Johnson* is misplaced, and he cannot identify any other authority that plausibly demonstrates an infirmity in § 924(c)," Response 2-3.

But in so arguing, the government omits any citation to the ample precedent that supports Mr. Jackson's current claim.  **Most importantly, this Court has already authorized an application to file a successive § 2255 motion challenging**

1

**a § 924(c) conviction in light of *Johnson*.** *See In re Chapman*, No. 16–246 (4th Cir. May 3, 2016).[1] This precedent is dispositive; this Court should authorize Mr. Jackson's current application because, just like the applicant in *Chapman*, Mr. Jackson is seeking to challenge his § 924(c) conviction based on the new rule of constitutional law announced in *Johnson*.[2]

This Court's order in *Chapman* is consistent with at least three other circuit courts that have now also authorized second § 2255 motions based on claims, just like Mr. Jackson's, that *Johnson* has invalidated § 924(c)'s residual clause. *See*

---

[1] The order in *Chapman* does not expressly state that Chapman is challenging a § 924(c) conviction, but this is clear from the pleadings. *See* Motion for an Order Pursuant to Local Rule 22(d) Authorizing District Court to Consider a Successive Application under 28 U.S.C. § 2255, *In re Chapman*, No. 16–246, at 2 (Mar. 17, 2016) ("Johnson's holding equally applies to the residual clause of 18 U.S.C. § 924(c) (2012) – the statute implicated in his case – because Section 924(c)'s residual clause suffers from the same constitutional infirmities as ACCA's residual clause.")

[2] Under the standards for authorizing a second § 2255 motion, Mr. Jackson's current claim is indistinguishable from *Chapman*, because both applicants have made a prima facie showing that their claim relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255(h)(2). Any distinction of Mr. Jackson's claim from *Chapman* goes to the underlying merits of each movant's claims, which should only be addressed by the district court after full development. *See In re Williams*, 330 F.3d 277, 281-82 (4th Cir. 2003) (focus at "pre-filing authorization stage" must be on whether applicant has satisfied statutory requirements for filing second or successive motion, and "not the possibility that the claims will ultimately warrant a decision in favor of the applicant"); *In re Pinder*, No. 16–12084–J, 2016 WL 3081954, at *2 (11th Cir. June 1, 2016) (granting application to file second § 2255 petition challenging § 924(c) conviction in light of *Johnson* while noting "[w]hether that new rule of constitutional law invalidates [applicant's] sentence must be decided in the first instance by the District Court").

*Freeman v. United States*, No. 15–3687 (2d Cir. Jan. 26, 2016) (unpublished) (authorizing second § 2255 motion based on *Johnson*'s applicability to § 924(c)); *Ruiz v. United States*, No. 16–1193 (7th Cir. Feb. 19, 2016) (unpublished) (same); *In re Pinder*, No. 16–12084-J, 2016 WL 3081954 (11th Cir. June 1, 2016).[3]  At least three district courts have also recognized that *Johnson*'s reasoning has invalidated § 924(c)'s residual clause.  *See United States v. Bell*, No. 15–CR–00258, 2016 WL 344749, at *11–13 (N.D. Cal. Jan. 28, 2016); *United States v. Lattanaphom*, No. 2:99–CR–00433, 2016 WL 393545, at *3–6 (E.D. Cal. Feb. 2, 2016); *United States v. Edmundson*, No. 13–CR–15, 2015WL 9311983, at *2–6 (D. Md. Dec. 23, 2015). Additionally, the Seventh and Ninth Circuits have held that the residual clause of § 16(b), which contains identical to § 924(c)'s clause, is unconstitutionally vague, *see United States v. Vivas-Cejas*, 808 F.3d 719, 720 (7th Cir. 2015); *Dimaya v. Lynch*, 803 F.3d 1110, 1120 (9th Cir. 2015).

Furthermore, this Court has long recognized that § 924(e)'s residual clause is similar to § 924(c)'s residual clause, and relied on precedent addressing one to interpret the other.  *See United States v. Ayala*, 601 F.3d 256, 267 (4th Cir. 2010) (relying on ACCA case to interpret definition of crime of violence under §

---

[3]The Fifth Circuit has also authorized a second § 2255 motion for a claim that *Johnson* has invalidated the residual clause of U.S.S.G. § 4B1.2(a)(2).  *See In re Holston*, No. 16-50213 (5th Cir. May 17, 2016) (unpublished). The Sixth Circuit has held the residual clause of § 924(c) is not unconstitutionally vague, *see United States v. Taylor*, 814 F.3d 340, 379 (6th Cir. 2016).

3

924(c)(3)(B)); *United States v. Aragon*, 983 F.2d 1306, 1314 (4th Cir. 1993) (same). Thus, Mr. Jackson's claim that *Johnson* invalidated not only § 924(e)'s residual clause but also § 924(c)'s residual clause is not, as the government argues, necessarily a "request [that] depends on the extension, rather than the application, of precedent." Response 7.

This Court's order in *Chapman* alone establishes that Mr. Jackson is entitled to file a second § 2255 motion. And although federal courts are divided on the import of *Johnson*, the existence of substantial precedent recognizing the merit of claims indistinguishable from Mr. Jackson's claim in and of itself further demonstrates that Mr. Jackson has made "'a sufficient showing of possible merit to warrant a fuller exploration by the district court'" for this Court to authorize his second § 2255 motion. *In re Williams*, 330 F.3d 277, 281 (4th Cir. 2003) (quoting *Bennett v. United States*, 119 F.3d 468, 469–70 (7th Cir. 1997)).

Importantly, the required showing of possible merit does not relate to "the possibility that the claims will ultimately warrant a decision in favor of the applicant," but only "entail[s] a cursory glance at the merits" to determine whether Mr. Jackson has satisfied the requirements for filing a second § 2255 motion. *Williams*, 330 F.3d at 281-82. Mr. Jackson has met the standard for this Court to authorize a second § 2255 motion because he relies, as the government acknowledges, on the new rule of constitutional law announced in *Johnson* and made

4

retroactive in *Welch v. United States*, 136 S. Ct. 1257 (2016), to present a claim for relief based on the straightforward application of Supreme Court and this Court's precedent.

## CONCLUSION

For the reasons set forth above and in his initial Application, Mr. Jackson has presented a *prima facie* claim that the requirements of 28 U.S.C. § 2255(h)(2) are satisfied, and he therefore requests that the Court authorize him to file a second 28 U.S.C. § 2255 motion in the district court.

Respectfully Submitted,

 *s/* John A. Fagg, Jr.
John A. Fagg, Jr.
Frank E. Schall
Moore & Van Allen
100 North Tryon Street, Suite 4700
Charlotte, NC  28202
(704) 331-1000


Shawn Nolan
Federal Community Defender Office
 for Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520

Counsel for Richard Jackson

Dated:  June 7, 2016

5

**Certificate of Service**

I, John A. Fagg, Jr., hereby certify that on this 7th day of June, 2016, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. A Notice of Electronic Filing will be sent via the Court's ECF system to counsel of record. I also served the foregoing Reply via first class mail to:

Leslie Caldwell
Assistant Attorney General
Jeffrey B. Kahan
United States Department of Justice, Capital Case Unit
1331 F Street, NW, 6th Fl.
Washington, D.C. 20530

Ms. Jill Westmoreland Rose
United States Attorney for the Western District of North Carolina
227 West Trade St., Suite 1650
Charlotte, NC 28202

_s/_ John A. Fagg, Jr.
John A. Fagg, Jr.